EXHIBIT "A"

30-2021-01228827-CU-PO-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By Lirio Sanchez, Deputy Clerk.

11-5-21    11:20 A.M.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COSTCO WHOLESALE CORPORATION, DOE EMPLOYEE, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAMANTHA BELLO PEREZ

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Orange County Superior Court | 30-2021-01228827-CU-PO-CJC |
| Central Justice Center, 700 W. Civic Center Drive, Santa Ana, California, 92701 | Judge Lon F. Hurwitz |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan T. Brown, DAY, DAY & BROWN, 301 W. First Street, Tustin, Ca. 92780, (714) 832.4811 x228
Lance A. Williams, Williams and Williams LLP, 16320 Bake Parkway, Irvine, CA 92618, (949) 999-2020

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* 11/02/2021 | DAVID H. YAMASAKI, Clerk of the Court | *(Secretario)* | | *(Adjunto)* |
| | | | Lirio Sanchez | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* COSTCO WHOLESALE CORPORATION

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 11-5-21

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courts.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

EXHIBIT A - 001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Alan C. Brown, Esq SBN# 166099
Day, Day & Brown, 301 W. First Street, Tustin, CA 92780
Lance A. Williams, Esq SBN #238600
Williams and Williams LLP, 16320 Bake Parkway, Irvine CA 92618
TELEPHONE NO.: 714.832.4811 x228     FAX NO.: 714.832.4815
ATTORNEY FOR *(Name):* Plaintiff, SAMANTHA BELLO PEREZ

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W. Civic Center Drive
MAILING ADDRESS: 700 W. Civic Center Drive
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
PEREZ v COSTCO WHOLESALE CORPORATION, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited | [ ] Counter    [ ] Joinder | 30-2021-01228827-CU-PO-CJC |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Lon F. Hurwitz |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision .

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* Two (2); GENERAL NEGLIGENCE; PREMISES LIABILITY
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 21, 2021
Alan C. Brown, Esq.
_____
(TYPE OR PRINT NAME)

Alan Brown
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

EXHIBIT A - 003

1    Alan C. Brown, Esq. SBN 166099
     DAY, DAY & BROWN
2    301 W. First Street, Tustin, Ca. 92780
     Telephone: (714) 832-4811 x228; Facsimile: (714) 832-4815

3
     Lance A. Williams, Esq. SBN 238600
4    Williams and Williams LLP
     16320 Bake Parkway, Irvine CA 92618
5    Telephone: (949) 999-2010; Facsimile: (949) 387-0409

6    Attorneys for Plaintiff, SAMANTHA BELLO PEREZ

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11   SAMANTHA BELLO PEREZ,              )   Case No.: 30-2021-01228827-CU-PO-CJC
                                        )
12          Plaintiff,                  )   **COMPLAINT FOR GENERAL**
                                        )   **NEGLIGENCE; PREMISES LIABILITY**
13      vs.                             )
                                        )   Assigned for All Purposes to:
14   COSTCO WHOLESALE CORPORATION,      )      Judge Lon F. Hurwitz
15   DOE EMPLOYEE, and                  )   Complaint Filed:
     DOES 1 through 50, inclusive,      )
16                                      )   Trial Date:
            Defendants.                 )
17                                      )
                                        )

18

19   Plaintiff SAMANTHA BELLO PEREZ alleges:

20                          **FIRST CAUSE OF ACTION**

21                          **GENERAL NEGLIGENCE**

22        1.    Plaintiff is unaware of the true names and capacities, whether corporate, associate,

23   individuals, or otherwise, of Defendants sued herein as DOES 1 through 50, inclusive, and Plaintiff will

24   amend this complaint when the true names and capacities of these Defendants have been ascertained.

25   Plaintiff is informed and believes, and thereon alleges, that said fictitiously-named Defendants are

26   responsible in some manner for the injuries and damages to Plaintiff, as herein alleged. Each reference

27   in this complaint to "Defendant" or "Defendants" or to a specially named Defendant refers also to all

28   Defendants sued under fictitious names.

                                      -1-

2.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and employees of their co-Defendants and were, as such, acting within the course, scope, purpose and authority of said agency and employment, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and/or hiring of each and every other Defendant as an agent, servant, and employee, and/or ratified the actions complained of herein.

3.     Plaintiff SAMANTHA BELLO PEREZ (hereinafter "PEREZ") is presently, and at all times mentioned herein was, a resident of the City of Lake Forest, County of Orange, State of California.

4.     Plaintiff is informed and believes, and thereon alleges, that during all times mentioned herein, Defendant COSTCO WHOLESALE CORPORATION, and DOES 1 through 25, inclusive, and each of them (hereinafter "COSTCO"), was a legal entity incorporated in the State of Washington.

5.     Plaintiff is informed and believes, and thereon alleges, that during all times mentioned herein, Defendants were engaged in the business of operating wholesale/retail membership warehouses in the State of California and had a legal duty to conduct themselves according to the laws of the State of California, and to exercise reasonable diligence for the safety of themselves and members of the general public.

6.     Plaintiff is informed and believes, and thereon alleges, that during all times mentioned herein, Defendant COSTCO owned, managed, and/or controlled a warehouse located at 27220 Heather Ridge, Laguna Niguel, California 92677 (hereinafter the "Premises").

7.     Plaintiffs are informed and believe, and thereon allege, that during all times mentioned herein, Defendant DOE EMPLOYEE, and DOES 26 through 50, inclusive, and each of them, was an employee or agent of Defendants, was acting within the course and scope of such employment or agency, and had a legal duty to conduct themselves according to the laws of the State of California and to exercise reasonable diligence for the safety of themselves and others.

8.     On or about September 17, 2020, Plaintiff was on the Premises as a customer of Defendants, when Defendants so negligently hired, supervised, and acted in such manner as to cause Plaintiff to slip and fall on a substance left on the floor of the Premises.

-2-

1       9.     As a direct and proximate result of said conduct of Defendants, and each of them,

2   Plaintiff sustained personal injuries and damages in an amount beyond the jurisdictional minimum of the

3   Superior Court including general damages and special damages reasonably and necessarily incurred and

4   to be incurred in the future in amounts unknown for medical and incidental expenses, loss of time from

5   employment and usual activities, and property damage.

6                    **SECOND CAUSE OF ACTION**

7                      **PREMISES LIABILITY**

8       10.    Plaintiff incorporates by reference each and every allegation contained in paragraphs 1

9   through 9, inclusive, as if set forth fully herein.

10       11.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

11   that Defendants negligently maintained, managed, and controlled the Premises in that they knew, or

12   should have known with reasonable inspection, that the aforementioned substance constituted a

13   dangerous condition creating an unreasonable risk of harm to Plaintiff, that they failed to warn Plaintiff

14   of the dangerous condition, that they failed to make the dangerous condition safe, that Plaintiff was

15   unaware of the dangerous condition, and as a result Plaintiff suffered bodily injury when she slipped on

16   said substance and fell.

17       12.    As a direct and proximate result of said conduct of Defendants, and each of them,

18   Plaintiff sustained personal injuries and damages in an amount beyond the jurisdictional minimum of the

19   Superior Court including general damages and special damages reasonably and necessarily incurred and

20   to be incurred in the future in amounts unknown for medical and incidental expenses, loss of time from

21   employment and usual activities, and property damage.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    WHEREFORE, Plaintiff SAMANTHA BELLO PEREZ prays for damages against Defendants, and

2    each of them, as follows:

3         1.      For general damages according to proof;

4         2.      For medical and related expenses according to proof;

5         3.      For loss of earnings according to proof;

6         4.      For loss of earning capacity according to proof;

7         5.      For property damage according to proof;

8         6.      For interest and prejudgment interest according to law;

9         7.      For costs of suit incurred herein; and

10        8.      For such other and further relief as the Court may deem proper.

11

12                                                     DAY, DAY & BROWN

      Dated: October 26, 2021 | 4:56 PM PDT
13

14                                                     *Alan Brown*

15                                                     Alan C. Brown
                                                       Attorneys for Plaintiff, SAMANTHA BELLO
16                                                     PEREZ

17

18

19

20

21

22

23

24

25

26

27

28

                                             -4-

EXHIBIT "B"

Electronically Filed by Superior Court of California, County of Orange, 12/06/2021 11:12:00 AM.
30-2021-01228827-CU-PO-CJC - ROA # 12 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

DEBORAH S. TROPP, ESQ. – BAR NO. 162613
LAUREN E. RAYA, ESQ. – BAR NO. 322697
McNEIL TROPP & BRAUN LLP
2 Park Plaza, Suite 620
Irvine, California 92614
(949) 259-2890; Fax: (949) 259-2891
dtropp@mtbattorneys.com; lraya@mtbattorneys.com

Attorneys for Defendant COSTCO WHOLESALE CORPORATION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE COURTHOUSE

| | |
|---|---|
| SAMANTHA BELLO PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, DOE EMPLOYEE, and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO. 30-2021-01228827-CU-PO-CJC<br><br>UNLIMITED CIVIL CASE<br><br>ASSIGNED FOR ALL PURPOSES TO: DEPARTMENT C20<br><br>**ANSWER TO COMPLAINT**<br><br>COMPLAINT FILED: 11/1/21 |

**COMES NOW** Defendant, COSTCO WHOLESALE CORPORATION ("Answering Defendant"), in its Answer to the unverified Complaint filed by Plaintiff, SAMANTHA BELLO PEREZ ("Plaintiff"), admits, denies, and alleges as follows:

**GENERAL DENIAL**

1.    By virtue of and pursuant to the provisions of the California Code of Civil Procedure section 431.30, Answering Defendant both generally and specifically denies each and every allegation contained in said unverified Complaint, and each and every part thereof, and each and every cause of action therein, and further specifically denies that Plaintiff has been injured or damaged in the sum alleged, or in any other sum, or at all, by reason of any carelessness,

1

1   negligence, act or omission of Answering Defendant.

2   **FIRST AFFIRMATIVE DEFENSE**

3       2.      As a first and separate affirmative defense to each cause of action asserted against

4   it, Answering Defendant alleges that each of the causes of action alleged against it fails to state

5   facts sufficient to constitute a cause or causes of action against Answering Defendant.

6   **SECOND AFFIRMATIVE DEFENSE**

7       3.      As a second and separate affirmative defense to each cause of action asserted

8   against it, Answering Defendant alleges that third parties were careless and negligent in and about

9   the matters alleged in the Complaint, and that said carelessness and negligence on the part of said

10  third parties proximately contributed to the happening of the subject incident and to Plaintiff's

11  injuries, loss and/or damage, if any, allegedly sustained.  Therefore, any damages awarded to

12  Plaintiff shall be diminished in proportion to the amount of fault attributed to said third parties.

13  **THIRD AFFIRMATIVE DEFENSE**

14      4.      As a third and separate affirmative defense to each cause of action asserted against

15  it, Answering Defendant alleges that Plaintiff was careless and negligent in and about the matters

16  alleged in the Complaint, and that said carelessness and negligence on the part of the Plaintiff

17  proximately contributed to the happening of the incident and to Plaintiff's injuries, loss and/or

18  damage, if any, allegedly sustained.  Therefore, any damages awarded to Plaintiff shall be

19  diminished in proportion to the amount of fault attributed to Plaintiff.

20  **FOURTH AFFIRMATIVE DEFENSE**

21      5.      As a fourth and separate affirmative defense to each cause of action asserted against

22  it, Answering Defendant alleges that should Answering Defendant be found liable to Plaintiff,

23  based upon any theory or cause of action contained in the Complaint, Answering Defendant shall,

24  in relation to non-economic damages pursuant to Civil Code Section 1431.2, be liable only for the

25  amount of non-economic damages allocated to Answering Defendant, in direct proportion to

26  Answering Defendant percentage of fault, as determined by the trier of fact, and Answering

27  Defendant is entitled to and shall request, a separate judgment to be rendered against Answering

28  Defendant, setting forth said amount.

**FIFTH AFFIRMATIVE DEFENSE**

6.      As a fifth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that the Complaint, and each alleged cause of action appearing therein, fails to state facts, or to allege claims, which would impose joint and several liability for any of the damages claimed by any party against Answering Defendant.  Any liability of Answering Defendant, which liability is expressly denied, would therefore be limited to those injuries, losses or damages, if there were any, for which Answering Defendant's actionable conduct, if any, was a primary contributing factor.

**SIXTH AFFIRMATIVE DEFENSE**

7.      As a sixth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that Plaintiff could have, by the exercise of reasonable diligence, limited or prevented her damages, if any, as a result of the incident and/or transactions alleged in the Complaint and that Plaintiff has failed or refused to do so.  Such failure or refusal on the part of Plaintiff constitutes a failure to mitigate her damages, and any recovery thereof must be diminished or barred by reason thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

8.      As a seventh and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that the tortious conduct of Plaintiff and/or others was active and primary compared to the conduct of Answering Defendant, if any, which was passive and secondary. Answering Defendant denies any conduct that was a substantial factor in causing any injury or damages to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

9.      As an eighth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that this action is barred by the applicable statute(s) of limitation, to wit, by the provisions of the Code of Civil Procedure and all other applicable statutory and decisional limitations of actions, including, but not limited to Code of Civil Procedure Sections 335.1, 337, 337.1, 337.15, 338, 338(1), 338(2), 338(4), 339, 340(3) and/or 343, 583.10 and 583.420, in that Plaintiff has failed to diligently prosecute said action.

3

**NINTH AFFIRMATIVE DEFENSE**

10.     As a ninth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that any recovery by Plaintiff shall be barred or reduced by any amounts received or receivable as Workers' Compensation Benefits and any lien or action for recovery of Workers' Compensation Benefits shall be barred or reduced in proportion to the negligence of Plaintiffs employers, co-employees and their respective agents.

**TENTH AFFIRMATIVE DEFENSE**

11.     As a tenth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that any injury, damage or loss, if any, sustained by the Plaintiff herein was proximately caused and contributed to by negligence on her part, in that she did not exercise ordinary care on her behalf at the time and place set forth in the Complaint, and that such negligence is imputed to Plaintiff herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

12.     As an eleventh and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that all of the risks and dangers involved in the undertaking in which Plaintiff was engaged at the time and place alleged, were well known to, understood and appreciated by Plaintiff, who knowingly understood and assumed all risks involved in such undertaking.

**TWELFTH AFFIRMATIVE DEFENSE**

13.     As a twelfth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that the negligence alleged in the Complaint was not a substantial factor in bringing about the alleged injuries and, therefore, was not a contributing cause, but was superseded by an event that was an independent, intervening, sole and proximate cause of any alleged injury or damage.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14.     As a thirteenth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges, on information and belief, that Plaintiff is not a proper party herein and/or lacks capacity and/or standing to bring this action, or some of the causes of

4

1  action, for damages alleged herein.

2  **FOURTEENTH AFFIRMATIVE DEFENSE**

3      15.    For a fourteenth affirmative defense to each and every cause of action alleged

4  against it, Answering Defendant alleges that it exercised reasonable care in inspecting its premises

5  and it was neither on actual nor constructive notice of the alleged dangerous condition, as the

6  alleged dangerous condition did not exist for any period of time that it should have been discovered

7  upon reasonable inspection of the premises.  Thus, Answering Defendant is not liable, as it fulfilled

8  its duty of care.

9  **FIFTEENTH AFFIRMATIVE DEFENSE**

10      16.    For a fifteenth affirmative defense to each and every cause of action alleged against

11  it, Answering Defendant alleges, as to each cause of action, that at the time of the accident alleged

12  in the Complaint, the claimed dangerous condition was open and obvious and known or should

13  have been known to Plaintiff.

14  **SIXTEENTH AFFIRMATIVE DEFENSE**

15      17.    For a sixteenth affirmative defense to each and every cause of action alleged against

16  it, Answering Defendant alleges, as to each cause of action, that if it had a duty to warn, which

17  allegation is expressly denied, this Answering Defendant at all times fulfilled its alleged duty to

18  warn of the alleged risk associated with the subject property.

19  **SEVENTEENTH AFFIRMATIVE DEFENSE**

20      18.    For a seventeenth affirmative defense to each and every cause of action alleged

21  against it, Answering Defendant alleges that the alleged condition of the property set forth in the

22  Complaint did not create a substantial risk of injury but, if any risk existed at all, it constituted

23  merely a minor, trivial or insignificant risk that did not create a dangerous condition on the property

24  and, therefore, this Answering Defendant is not liable for the damages alleged in the Complaint.

25  ///

26  ///

27  ///

28  ///

1    **WHEREFORE**, Answering Defendant prays that the Plaintiff take nothing by way of her

2    Complaint, and for such other and further relief as this Court may deem just and proper, including

3    costs of suit incurred herein.

4

5    DATED: December 6, 2021                          McNEIL TROPP & BRAUN LLP

6

7                                                     By:
8                                                        DEBORAH S. TROPP
                                                         LAUREN E. RAYA
9                                                        Attorneys for Defendant COSTCO
                                                         WHOLESALE CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

2

STATE OF CALIFORNIA        )

3
                                        ) ss.

COUNTY OF ORANGE          )

4

5      I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

6

7      On December 6, 2021, I served the foregoing document described as **DEFENDANT'S ASWER TO PLAINTIFF SAMANTHA BELLO PEREZ'S COMPLAINT** on the interested parties in this action by:

8

9    √   **BY ELECTRONIC MAIL:**  I caused a courtesy copy of the aforementioned document to be delivered by electronic mail to the representatives on the attached Service List.

10

11    √   **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

12

13      Executed on December 6, 2021, at Irvine, California.

14

15                           Jena Rivera

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

ANSWER TO COMPLAINT

1

## SERVICE LIST

2 **PEREZ v. COSTCO**
**OUR FILE NO.: 4700-81**

3

| | |
|---|---|
| Alan C. Brown, Esq. | Attorneys for Plaintiff SAMANTHA BELLO |
| Day, Day, & Brown | PEREZ |
| 301 West First Street | (714) 832-4811 |
| Tustin, California 92780 | Fax: (714) 832-4815 |
| | abrown@daydayandbrown.com |
| Lance A. Williams, Esq. | Attorneys for Plaintiff SAMANTHA BELLO |
| Williams and Williams LLP | PEREZ |
| 16320 Bake Parkway, Irvine, CA | (949) 999-2010 |
| | Fax: (949) 387-0409 |
| | lance@wwlawpc.com |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Electronically Filed by Superior Court of California, County of Orange, 12/06/2021 11:12:00 AM.
30-2021-01228827-CU-PO-CJC - ROA # 13 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

1  DEBORAH S. TROPP, ESQ. – BAR NO. 162613
   LAUREN E. RAYA, ESQ. – BAR NO. 322697
2  McNEIL TROPP & BRAUN LLP
   2 Park Plaza, Suite 620
3  Irvine, California 92614
   (949) 259-2890; Fax: (949) 259-2891
4  dtropp@mtbattorneys.com; lraya@mtbattorneys.com

5  Attorneys for Defendant COSTCO WHOLESALE CORPORATION

6

7

8                        SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF ORANGE, CENTRAL JUSTICE COURTHOUSE

10

11  SAMANTHA BELLO PEREZ,                | CASE NO. 30-2021-01228827-CU-PO-CJC

12                                       | UNLIMITED CIVIL CASE

13                    Plaintiff,         | ASSIGNED FOR ALL PURPOSES TO:
                                         | DEPARTMENT C20
14         vs.
                                         | **DECLARATION OF TRIAL ATTORNEY**
15
                                         | COMPLAINT FILED: 11/1/21
16  COSTCO WHOLESALE CORPORATION,
    DOE EMPLOYEE, and DOES 1 through 50
17  inclusive,

18
                      Defendants.
19

20         I, Deborah S. Tropp, declare and state as follows:

21         1.     I am an attorney at law, duly admitted to practice before all the Courts of the State

22  of California. I am an attorney with the law firm of McNeil Tropp & Braun LLP, counsel of record

23  for Defendant, COSTCO WHOLESALE CORPORATION.

24         2.     When this matter was assigned to this law firm, it was assigned to this declarant for

25  all purposes, including trial.

26         3.     This declarant and no other attorney in this firm is currently, or will be, available and

27  prepared to try this case.

28         4.     That Defendant has specifically requested that I be its trial attorney and it will

                                        1
                        DECLARATION OF TRIAL ATTORNEY

1    consent to no other.

2         5.      I make this declaration pursuant to California Rules of Court, Rule 3.1332 (c)

3    (Grounds for Continuance) and (d) (Other Factors to Be Considered).  Specifically, Rule 3.1332(d)8,

4    which requires the Court to consider, whether trial counsel is engaged in another trial if presented

5    with a request to continue the trial in this action.

6         I declare, under penalty of perjury under the laws of the State of California, that the

7    foregoing is true and correct.  Executed this 6th day of December 2021, at Irvine, California.

8

9

10                                         Deborah S. Tropp, Declarant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
DECLARATION OF TRIAL ATTORNEY

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE             )

     I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

     On December 6, 2021, I served the foregoing document described as **DECLARATION OF TRIAL ATTORNEY** on the interested parties in this action by:

  √   **BY ELECTRONIC MAIL:**  I caused a courtesy copy of the aforementioned document to be delivered by electronic mail to the representatives on the attached Service List.

  √   **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on December 6, 2021, at Irvine, California.

_____
Jena Rivera

3

DECLARATION OF TRIAL ATTORNEY

1

**SERVICE LIST**

2

**PEREZ v. COSTCO**
**OUR FILE NO.: 4700-81**

3

4

| Alan C. Brown, Esq.<br>Day, Day, & Brown<br>301 West First Street<br>Tustin, California 92780 | Attorneys for Plaintiff SAMANTHA BELLO PEREZ<br>(714) 832-4811<br>Fax: (714) 832-4815<br>abrown@daydayandbrown.com |
| --- | --- |
| Lance A. Williams, Esq.<br>Williams and Williams LLP<br>16320 Bake Parkway, Irvine, CA | Attorneys for Plaintiff SAMANTHA BELLO PEREZ<br>(949) 999-2010<br>Fax: (949) 387-0409<br><br>lance@wwlawpc.com |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF TRIAL ATTORNEY

EXHIBIT B - 012

Case 8:22-cv-00306-JLS-JDE   Document 1-2   Filed 02/25/22   Page 22 of 59   Page ID #:32
Electronically Filed by Superior Court of California, County of Orange, 12/06/2021 11:12:00 AM.
30-2021-01228827-CU-PO-CJC - ROA # 14 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

1  DEBORAH S. TROPP, ESQ. – BAR NO. 162613
   LAUREN E. RAYA, ESQ. – BAR NO. 322697
2  McNEIL TROPP & BRAUN LLP
   2 Park Plaza, Suite 620
3  Irvine, California 92614
   (949) 259-2890; Fax: (949) 259-2891
4  dtropp@mtbattorneys.com; lraya@mtbattorneys.com

5  Attorneys for Defendant COSTCO WHOLESALE CORPORATION

6

7

8                          SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF ORANGE, CENTRAL JUSTICE COURTHOUSE

10

11 SAMANTHA BELLO PEREZ,                   CASE NO. 30-2021-01228827-CU-PO-CJC

12

13                                         UNLIMITED CIVIL CASE
                  Plaintiff,
14                                         ASSIGNED FOR ALL PURPOSES TO:
        vs.                                DEPARTMENT C20

15                                         **NOTICE OF JURY DEMAND AND**
                                           **NOTICE OF POSTING JURY FEES**
16 COSTCO WHOLESALE CORPORATION,
   DOE EMPLOYEE, and DOES 1 through 50     COMPLAINT FILED: 11/1/21
17 inclusive,

18

19                Defendants.

20      **TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD**

21 **HEREIN:**

22      **PLEASE TAKE NOTICE** that Defendant, COSTCO WHOLESALE CORPORATION

23 hereby demands a jury and posts jury fees in the above-captioned matter.

24 DATED: December 6, 2021                 McNEIL TROPP & BRAUN LLP

25

26                                         By
                                              DEBORAH S. TROPP
27                                            LAUREN E. RAYA
                                              Attorneys for Defendant COSTCO
28                                            WHOLESALE CORPORATION

                                      1
            NOTICE OF JURY DEMAND AND NOTICE OF POSTING JURY FEES
                              EXHIBIT B - 013

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA)
              ) ss.
COUNTY OF ORANGE  )

       I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

       On December 6, 2021, I served the foregoing document described as **NOTICE OF POSTING JURY FEES** on the interested parties in this action by:

      ☑   **Placing __ the original  x  a true copy thereof, enclosed in sealed envelopes, addressed as follows on the attached SERVICE LIST.**

   x   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

   ☐ 2 **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by hand to the offices of the addressee.

   X   **BY ELECTRONIC MAIL**

   ☐   **BY FACSIMILE TRANSMISSION:** From FAX No. (949) 259-2891 the facsimile number(s) and addressee(s) stated on the attached SERVICE LIST. The facsimile machine I used complied with Rule 2.301(3), and no error was reported by the machine.  Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission and attached it to the document contained in our file, a copy of which is available upon request.

   ☑   **STATE:**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

       Executed on December 6, 2021, at Irvine, California.

                          _____

                          JENA M. RIVERA

1

**SERVICE LIST**

2

**PEREZ v. COSTCO**
**OUR FILE NO.: 4700-81**

3

4

| Alan C. Brown, Esq. | Attorneys for Plaintiff SAMANTHA BELLO |
|---|---|
| Day, Day, & Brown | PEREZ |
| 301 West First Street | (714) 832-4811 |
| Tustin, California 92780 | Fax: (714) 832-4815 |
| | abrown@daydayandbrown.com |
| Lance A. Williams, Esq. | Attorneys for Plaintiff SAMANTHA BELLO |
| Williams and Williams LLP | PEREZ |
| 16320 Bake Parkway, Irvine, CA | (949) 999-2010 |
| | Fax: (949) 387-0409 |
| | lance@wwlawpc.com |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF JURY DEMAND AND NOTICE OF POSTING JURY FEES

EXHIBIT "B"

1    DEBORAH S. TROPP, ESQ. – BAR NO. 162613
      LAUREN E. RAYA, ESQ. – BAR NO. 322697
2    McNEIL TROPP & BRAUN LLP
      2 Park Plaza, Suite 620
3    Irvine, California 92614
      (949) 259-2890; Fax: (949) 259-2891
4    dtropp@mtbattorneys.com; lraya@mtbattorneys.com

5    Attorneys for Defendant COSTCO WHOLESALE CORPORATION

6

7

8                        SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF ORANGE, CENTRAL JUSTICE COURTHOUSE

10

11    SAMANTHA BELLO PEREZ,           CASE NO. 30-2021-01228827-CU-PO-CJC

12                            UNLIMITED CIVIL CASE

13               Plaintiff,        ASSIGNED FOR ALL PURPOSES TO:
                               DEPARTMENT C20
14       vs.
                            **ANSWER TO COMPLAINT**
15

                            COMPLAINT FILED: 11/1/21
16    COSTCO WHOLESALE CORPORATION,
      DOE EMPLOYEE, and DOES 1 through 50
17    inclusive,

18

                  Defendants.
19

20        **COMES**    **NOW**    Defendant,    COSTCO    WHOLESALE    CORPORATION

21    ("Answering Defendant"), in its Answer to the unverified Complaint filed by Plaintiff,

22    SAMANTHA BELLO PEREZ ("Plaintiff"), admits, denies, and alleges as follows:

23                                 **GENERAL DENIAL**

24        1.      By virtue of and pursuant to the provisions of the <u>California Code of Civil</u>

25    <u>Procedure</u> section 431.30, Answering Defendant both generally and specifically denies each and

26    every allegation contained in said unverified Complaint, and each and every part thereof, and each

27    and every cause of action therein, and further specifically denies that Plaintiff has been injured or

28    damaged in the sum alleged, or in any other sum, or at all, by reason of any carelessness,

1  negligence, act or omission of Answering Defendant.

2  **FIRST AFFIRMATIVE DEFENSE**

3  2.     As a first and separate affirmative defense to each cause of action asserted against

4  it, Answering Defendant alleges that each of the causes of action alleged against it fails to state

5  facts sufficient to constitute a cause or causes of action against Answering Defendant.

6  **SECOND AFFIRMATIVE DEFENSE**

7  3.     As a second and separate affirmative defense to each cause of action asserted

8  against it, Answering Defendant alleges that third parties were careless and negligent in and about

9  the matters alleged in the Complaint, and that said carelessness and negligence on the part of said

10  third parties proximately contributed to the happening of the subject incident and to Plaintiff's

11  injuries, loss and/or damage, if any, allegedly sustained.  Therefore, any damages awarded to

12  Plaintiff shall be diminished in proportion to the amount of fault attributed to said third parties.

13  **THIRD AFFIRMATIVE DEFENSE**

14  4.     As a third and separate affirmative defense to each cause of action asserted against

15  it, Answering Defendant alleges that Plaintiff was careless and negligent in and about the matters

16  alleged in the Complaint, and that said carelessness and negligence on the part of the Plaintiff

17  proximately contributed to the happening of the incident and to Plaintiff's injuries, loss and/or

18  damage, if any, allegedly sustained.  Therefore, any damages awarded to Plaintiff shall be

19  diminished in proportion to the amount of fault attributed to Plaintiff.

20  **FOURTH AFFIRMATIVE DEFENSE**

21  5.     As a fourth and separate affirmative defense to each cause of action asserted against

22  it, Answering Defendant alleges that should Answering Defendant be found liable to Plaintiff,

23  based upon any theory or cause of action contained in the Complaint, Answering Defendant shall,

24  in relation to non-economic damages pursuant to Civil Code Section 1431.2, be liable only for the

25  amount of non-economic damages allocated to Answering Defendant, in direct proportion to

26  Answering Defendant percentage of fault, as determined by the trier of fact, and Answering

27  Defendant is entitled to and shall request, a separate judgment to be rendered against Answering

28  Defendant, setting forth said amount.

2

ANSWER TO COMPLAINT

1

### FIFTH AFFIRMATIVE DEFENSE

2      6.    As a fifth and separate affirmative defense to each cause of action asserted against

3 it, Answering Defendant alleges that the Complaint, and each alleged cause of action appearing

4 therein, fails to state facts, or to allege claims, which would impose joint and several liability for

5 any of the damages claimed by any party against Answering Defendant.  Any liability of

6 Answering Defendant, which liability is expressly denied, would therefore be limited to those

7 injuries, losses or damages, if there were any, for which Answering Defendant's actionable

8 conduct, if any, was a primary contributing factor.

9

### SIXTH AFFIRMATIVE DEFENSE

10      7.    As a sixth and separate affirmative defense to each cause of action asserted against

11 it, Answering Defendant alleges that Plaintiff could have, by the exercise of reasonable diligence,

12 limited or prevented her damages, if any, as a result of the incident and/or transactions alleged in

13 the Complaint and that Plaintiff has failed or refused to do so.  Such failure or refusal on the part

14 of Plaintiff constitutes a failure to mitigate her damages, and any recovery thereof must be

15 diminished or barred by reason thereof.

16

### SEVENTH AFFIRMATIVE DEFENSE

17      8.    As a seventh and separate affirmative defense to each cause of action asserted

18 against it, Answering Defendant alleges that the tortious conduct of Plaintiff and/or others was

19 active and primary compared to the conduct of Answering Defendant, if any, which was passive

20 and secondary. Answering Defendant denies any conduct that was a substantial factor in causing

21 any injury or damages to Plaintiff.

22

### EIGHTH AFFIRMATIVE DEFENSE

23      9.    As an eighth and separate affirmative defense to each cause of action asserted

24 against it, Answering Defendant alleges that this action is barred by the applicable statute(s) of

25 limitation, to wit, by the provisions of the Code of Civil Procedure and all other applicable statutory

26 and decisional limitations of actions, including, but not limited to Code of Civil Procedure Sections

27 335.1, 337, 337.1, 337.15, 338, 338(1), 338(2), 338(4), 339, 340(3) and/or 343, 583.10 and

28 583.420, in that Plaintiff has failed to diligently prosecute said action.

**NINTH AFFIRMATIVE DEFENSE**

10.   As a ninth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that any recovery by Plaintiff shall be barred or reduced by any amounts received or receivable as Workers' Compensation Benefits and any lien or action for recovery of Workers' Compensation Benefits shall be barred or reduced in proportion to the negligence of Plaintiffs employers, co-employees and their respective agents.

**TENTH AFFIRMATIVE DEFENSE**

11.   As a tenth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that any injury, damage or loss, if any, sustained by the Plaintiff herein was proximately caused and contributed to by negligence on her part, in that she did not exercise ordinary care on her behalf at the time and place set forth in the Complaint, and that such negligence is imputed to Plaintiff herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

12.   As an eleventh and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that all of the risks and dangers involved in the undertaking in which Plaintiff was engaged at the time and place alleged, were well known to, understood and appreciated by Plaintiff, who knowingly understood and assumed all risks involved in such undertaking.

**TWELFTH AFFIRMATIVE DEFENSE**

13.   As a twelfth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that the negligence alleged in the Complaint was not a substantial factor in bringing about the alleged injuries and, therefore, was not a contributing cause, but was superseded by an event that was an independent, intervening, sole and proximate cause of any alleged injury or damage.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14.   As a thirteenth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges, on information and belief, that Plaintiff is not a proper party herein and/or lacks capacity and/or standing to bring this action, or some of the causes of

1     action, for damages alleged herein.

2                              **FOURTEENTH AFFIRMATIVE DEFENSE**

3             15.     For a fourteenth affirmative defense to each and every cause of action alleged

4     against it, Answering Defendant alleges that it exercised reasonable care in inspecting its premises

5     and it was neither on actual nor constructive notice of the alleged dangerous condition, as the

6     alleged dangerous condition did not exist for any period of time that it should have been discovered

7     upon reasonable inspection of the premises.  Thus, Answering Defendant is not liable, as it fulfilled

8     its duty of care.

9                              **FIFTEENTH AFFIRMATIVE DEFENSE**

10            16.     For a fifteenth affirmative defense to each and every cause of action alleged against

11    it, Answering Defendant alleges, as to each cause of action, that at the time of the accident alleged

12    in the Complaint, the claimed dangerous condition was open and obvious and known or should

13    have been known to Plaintiff.

14                             **SIXTEENTH AFFIRMATIVE DEFENSE**

15            17.     For a sixteenth affirmative defense to each and every cause of action alleged against

16    it, Answering Defendant alleges, as to each cause of action, that if it had a duty to warn, which

17    allegation is expressly denied, this Answering Defendant at all times fulfilled its alleged duty to

18    warn of the alleged risk associated with the subject property.

19                             **SEVENTEENTH AFFIRMATIVE DEFENSE**

20            18.     For a seventeenth affirmative defense to each and every cause of action alleged

21    against it, Answering Defendant alleges that the alleged condition of the property set forth in the

22    Complaint did not create a substantial risk of injury but, if any risk existed at all, it constituted

23    merely a minor, trivial or insignificant risk that did not create a dangerous condition on the property

24    and, therefore, this Answering Defendant is not liable for the damages alleged in the Complaint.

25    ///

26    ///

27    ///

28    ///

1    **WHEREFORE**, Answering Defendant prays that the Plaintiff take nothing by way of her

2    Complaint, and for such other and further relief as this Court may deem just and proper, including

3    costs of suit incurred herein.

4

5    DATED: December 6, 2021                         McNEIL TROPP & BRAUN LLP

6

7                                                    By:_____

8                                                    DEBORAH S. TROPP
                                                     LAUREN E. RAYA
9                                                    Attorneys for Defendant COSTCO
                                                     WHOLESALE CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE             )

    I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

    On December 6, 2021, I served the foregoing document described as **DEFENDANT'S ASWER TO PLAINTIFF SAMANTHA BELLO PEREZ'S COMPLAINT** on the interested parties in this action by:

√    **BY ELECTRONIC MAIL:**  I caused a courtesy copy of the aforementioned document to be delivered by electronic mail to the representatives on the attached Service List.

√    **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on December 6, 2021, at Irvine, California.

Jena Rivera

7

ANSWER TO COMPLAINT

EXHIBIT B - 007

1

<u>**SERVICE LIST**</u>

2

**PEREZ v. COSTCO**
**OUR FILE NO.: 4700-81**

3

4

| Alan C. Brown, Esq. | Attorneys for Plaintiff SAMANTHA BELLO |
| --- | --- |
| Day, Day, & Brown | PEREZ |
| 301 West First Street | (714) 832-4811 |
| Tustin, California 92780 | Fax: (714) 832-4815 |
| | abrown@daydayandbrown.com |
| | |
| Lance A. Williams, Esq. | Attorneys for Plaintiff SAMANTHA BELLO |
| Williams and Williams LLP | PEREZ |
| 16320 Bake Parkway, Irvine, CA | (949) 999-2010 |
| | Fax: (949) 387-0409 |
| | |
| | lance@wwlawpc.com |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Case 8:22-cv-00306-JLS-JDE   Document 1-2   Filed 02/25/22   Page 34 of 59   Page ID #:44
Electronically Filed by Superior Court of California, County of Orange, 12/06/2021 11:12:00 AM.
30-2021-01228827-CU-PO-CJC - ROA # 13 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

1   DEBORAH S. TROPP, ESQ. – BAR NO. 162613
    LAUREN E. RAYA, ESQ. – BAR NO. 322697
2   McNEIL TROPP & BRAUN LLP
    2 Park Plaza, Suite 620
3   Irvine, California 92614
    (949) 259-2890; Fax: (949) 259-2891
4   dtropp@mtbattorneys.com; lraya@mtbattorneys.com

5   Attorneys for Defendant COSTCO WHOLESALE CORPORATION

6

7

8                       SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF ORANGE, CENTRAL JUSTICE COURTHOUSE

10

11  SAMANTHA BELLO PEREZ,                    CASE NO. 30-2021-01228827-CU-PO-CJC

12                                           UNLIMITED CIVIL CASE

13                     Plaintiff,            ASSIGNED FOR ALL PURPOSES TO:
                                             DEPARTMENT C20
14         vs.
                                             **DECLARATION OF TRIAL ATTORNEY**
15
                                             COMPLAINT FILED: 11/1/21
16  COSTCO WHOLESALE CORPORATION,
    DOE EMPLOYEE, and DOES 1 through 50
17  inclusive,

18
                       Defendants.
19

20         I, Deborah S. Tropp, declare and state as follows:

21         1.      I am an attorney at law, duly admitted to practice before all the Courts of the State

22  of California. I am an attorney with the law firm of McNeil Tropp & Braun LLP, counsel of record

23  for Defendant, COSTCO WHOLESALE CORPORATION.

24         2.      When this matter was assigned to this law firm, it was assigned to this declarant for

25  all purposes, including trial.

26         3.      This declarant and no other attorney in this firm is currently, or will be, available and

27  prepared to try this case.

28         4.      That Defendant has specifically requested that I be its trial attorney and it will

                                               1
                          DECLARATION OF TRIAL ATTORNEY

1    consent to no other.

2         5.    I make this declaration pursuant to California Rules of Court, Rule 3.1332 (c)

3    (Grounds for Continuance) and (d) (Other Factors to Be Considered).  Specifically, Rule 3.1332(d)8,

4    which requires the Court to consider, whether trial counsel is engaged in another trial if presented

5    with a request to continue the trial in this action.

6         I declare, under penalty of perjury under the laws of the State of California, that the

7    foregoing is true and correct.  Executed this 6th day of December 2021, at Irvine, California.

10                                  Deborah S. Tropp, Declarant

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA    )
                                 ) ss.
COUNTY OF ORANGE      )

     I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

     On December 6, 2021, I served the foregoing document described as **DECLARATION OF TRIAL ATTORNEY** on the interested parties in this action by:

_√_    **BY ELECTRONIC MAIL:**  I caused a courtesy copy of the aforementioned document to be delivered by electronic mail to the representatives on the attached Service List.

_√_    **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on December 6, 2021, at Irvine, California.

_Jena Rivera_

3
DECLARATION OF TRIAL ATTORNEY

<u>**SERVICE LIST**</u>

<u>**PEREZ v. COSTCO**</u>
<u>**OUR FILE NO.: 4700-81**</u>

| | |
|---|---|
| Alan C. Brown, Esq.<br>Day, Day, & Brown<br>301 West First Street<br>Tustin, California 92780 | Attorneys for Plaintiff SAMANTHA BELLO PEREZ<br>(714) 832-4811<br>Fax: (714) 832-4815<br>abrown@daydayandbrown.com |
| Lance A. Williams, Esq.<br>Williams and Williams LLP<br>16320 Bake Parkway, Irvine, CA | Attorneys for Plaintiff SAMANTHA BELLO PEREZ<br>(949) 999-2010<br>Fax: (949) 387-0409<br><br>lance@wwlawpc.com |

4

DECLARATION OF TRIAL ATTORNEY

Electronically Filed by Superior Court of California, County of Orange, 12/06/2021 11:12:00 AM.
30-2021-01228827-CU-PO-CJC - ROA # 14 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

1 │ DEBORAH S. TROPP, ESQ. – BAR NO. 162613
   │ LAUREN E. RAYA, ESQ. – BAR NO. 322697
2 │ McNEIL TROPP & BRAUN LLP
   │ 2 Park Plaza, Suite 620
3 │ Irvine, California 92614
   │ (949) 259-2890; Fax: (949) 259-2891
4 │ dtropp@mtbattorneys.com; lraya@mtbattorneys.com

5 │ Attorneys for Defendant COSTCO WHOLESALE CORPORATION

6

7

8 │                SUPERIOR COURT OF CALIFORNIA

9 │        COUNTY OF ORANGE, CENTRAL JUSTICE COURTHOUSE

10

11 │ SAMANTHA BELLO PEREZ,              │ CASE NO. 30-2021-01228827-CU-PO-CJC

12 │                                    │
   │                                    │ UNLIMITED CIVIL CASE
13 │                 Plaintiff,         │
   │                                    │ ASSIGNED FOR ALL PURPOSES TO:
14 │       vs.                          │ DEPARTMENT C20
15 │                                    │ **NOTICE OF JURY DEMAND AND**
   │                                    │ **NOTICE OF POSTING JURY FEES**
16 │ COSTCO WHOLESALE CORPORATION,      │
   │ DOE EMPLOYEE, and DOES 1 through 50│ COMPLAINT FILED: 11/1/21
17 │ inclusive,                         │
18 │                                    │
   │                 Defendants.        │
19 │

20 │     **TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD**

21 │ **HEREIN:**

22 │     **PLEASE TAKE NOTICE** that Defendant, COSTCO WHOLESALE CORPORATION

23 │ hereby demands a jury and posts jury fees in the above-captioned matter.

24 │ DATED: December 6, 2021              McNEIL TROPP & BRAUN LLP

25

26 │                                     By
   │                                        DEBORAH S. TROPP
27 │                                        LAUREN E. RAYA
   │                                        Attorneys for Defendant COSTCO
28 │                                        WHOLESALE CORPORATION

---

                                  1
          NOTICE OF JURY DEMAND AND NOTICE OF POSTING JURY FEES

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA)
               ) ss.
COUNTY OF ORANGE )

     I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

     On December 6, 2021, I served the foregoing document described as **NOTICE OF POSTING JURY FEES** on the interested parties in this action by:

     ☑     **Placing __ the original  x  a true copy thereof, enclosed in sealed envelopes, addressed as follows on the attached SERVICE LIST.**

  ˣ     **BY MAIL**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

  ☐  2  **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the offices of the addressee.

  X     **BY ELECTRONIC MAIL**

  ☐     **BY FACSIMILE TRANSMISSION**: From FAX No. (949) 259-2891 the facsimile number(s) and addressee(s) stated on the attached SERVICE LIST. The facsimile machine I used complied with Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission and attached it to the document contained in our file, a copy of which is available upon request.

  ☑     **STATE**:    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on December 6, 2021, at Irvine, California.

_____
JENA M. RIVERA

---

2

NOTICE OF JURY DEMAND AND NOTICE OF POSTING JURY FEES

1

**SERVICE LIST**

2 **PEREZ v. COSTCO**
**OUR FILE NO.: 4700-81**

3

4

| Alan C. Brown, Esq. | Attorneys for Plaintiff SAMANTHA BELLO |
| Day, Day, & Brown | PEREZ |
| 301 West First Street | (714) 832-4811 |
| Tustin, California 92780 | Fax: (714) 832-4815 |
| | abrown@daydayandbrown.com |
| | |
| Lance A. Williams, Esq. | Attorneys for Plaintiff SAMANTHA BELLO |
| Williams and Williams LLP | PEREZ |
| 16320 Bake Parkway, Irvine, CA | (949) 999-2010 |
| | Fax: (949) 387-0409 |
| | |
| | lance@wwlawpc.com |

NOTICE OF JURY DEMAND AND NOTICE OF POSTING JURY FEES
EXHIBIT B - 015

EXHIBIT "C"

1 | Alan C. Brown, Esq. SBN 166099
Trevor J. Herrera, Esq. SBN 298867
2 | DAY, DAY & BROWN
301 W. First St., Tustin, Ca. 92780
3 | Telephone: (714) 832-4811 x228; Facsimile: (714) 832-4815

4
Lance A. Williams, Esq. SBN 238600
5 | WILLIAMS & WILLIAMS LLP
16320 Bake Parkway, Irvine, CA
6 | Telephone: (949) 999-2010; Facsimile: (949) 387-0409

7

8 | Attorney for Plaintiffs, SAMANTHA BELLO PEREZ

9

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | FOR THE COUNTY OF ORANGE

UNLIMITED CIVIL

12 | SAMANTHA BELLO PEREZ            ) Case No.: 30-2021-01228827-CU-PO-CJC
                                    )
13 |                                )
          Plaintiff,               )
14 |                                )
                                    )
15 | vs.                            ) **PLAINTIFF SAMANTHA BELLO PEREZ**
                                    ) **RESPONSES TO FORM**
16 | COSTCO WHOLESALE CORPORATION, DOE ) **INTERROGATORIES, SET ONE (1)**
EMPLOYEE, and DOES 1 THROUGH 50,   )
17 | inclusive,                     ) Complaint Files: 11/1/21
                                    )
18 |                                )
          Defendants,              )
19 |

PROPOUNDING PARTY:   DEFENDANT, COSTCO WHOLESALE CORPORATION

20

21 | RESPONDING PARTY:   PLAINTIFF, SAMANTHA BELLO PEREZ

SET NO.:              ONE (1)

22

23 |       TO DEFENDANT, COSTCO WHOLESALE CORPORATION, AND TO ITS ATTORNEYS OF

RECORD:

24

25 |       PLEASE TAKE NOTICE that Plaintiff, SAMANTHA BELLO PEREZ, hereby responds to

FORM INTERROGATORIES, SET ONE, propounded by DEFENDANT, COSTCO WHOLESALE

26

CORPORATION, as follows:

27 | ///

28 | ///

-1-

**RESPONSE TO FORM INTERROGATORY NO. 1.1:**

Plaintiff and plaintiff's attorneys of record, Day, Day, and Brown.

**RESPONSE TO FORM INTERROGATORY NO. 2.1:**

Plaintiff has not gone by any other names.

**RESPONSE TO FORM INTERROGATORY NO. 2.2:**

Plaintiff was born on July 29, 1988, in Piedras Negras, Mexico.

**RESPONSE TO FORM INTERROGATORY NO. 2.3:**

(a)   California

(b)   Y4748823; Class C

(c)   07/29/2022

(d)   Corrective Lens

**RESPONSE TO FORM INTERROGATORY NO. 2.4:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 2.5:**

Plaintiff has lived at the following addresses for the past five (5) years:

1.   23256 Orange Ave. Apt. 5, Lake Forest, CA 92630.

**RESPONSE TO FORM INTERROGATORY NO. 2.6:**

Plaintiff has worked for the past four years as a babysitter and picking up and dropping off kids at school.

///

///

///

-2-

1   **RESPONSE TO FORM INTERROGATORY NO. 2.7:**

2        Plaintiff went to Mission Viejo High School, at 25025 Chrisanta Dr., Mission Viejo, CA 92691

3   around 2005. Plaintiff did not finish high school.

4

5   **RESPONSE TO FORM INTERROGATORY NO. 2.8:**

6        No.

7

8   **RESPONSE TO FORM INTERROGATORY NO. 2.9:**

9        No. Plaintiff speaks Spanish.

10

11  **RESPONSE TO FORM INTERROGATORY NO. 2.10:**

12       No. Plaintiff reads and writes in Spanish.

13

14  **RESPONSE TO FORM INTERROGATORY NO. 2.11:**

15       No. Plaintiff was not acting as an agent or employee for any person.

16

17  **RESPONSE TO FORM INTERROGATORY NO. 2.12:**

18       None.

19

20  **RESPONSE TO FORM INTERROGATORY NO. 2.13:**

21       None.

22

23  **RESPONSE TO FORM INTERROGATORY NO. 4.1:**

24       (a) Health Insurance

25       (b) Medi-Cal; Managed Care; P.O. Box 997413, Sacramento, CA 95814

26       (c) Samantha Bello-Perez; 23256 Orange Ave. Apt. 5, Lake Forest, CA 92630

27       (d) 96722320E91057

28       (e) Not Applicable

-3-

1      (f)  Unknown.

2      (g)  Samantha Bello-Perez

3

4   **RESPONSE TO FORM INTERROGATORY NO. 4.2:**

5      No.

6

7   **RESPONSE TO FORM INTERROGATORY NO. 6.1:**

8      Yes.

9

10   **RESPONSE TO FORM INTERROGATORY NO. 6.2:**

11      Plaintiff sustained injuries to her hand, knee, leg, lower back, and buttock after the accident.

12

13   **RESPONSE TO FORM INTERROGATORY NO. 6.3:**

14      Plaintiff felt immediate pain on her hand, left knee and lower back. She felt embarrassed, anxious

15 and with emotional distress as she could not get up from the floor. Later that night she felt a lot of pain

16 in her lower back and hip region. Mrs. Bello Perez still feels pain specially on her lower back that

17 continues to her buttock and leg. The pain remains the same and affects her personal life, she needs help

18 taking care of her kids, taking her to the bathroom, getting up from bed, and many more. The pain happens

19 from time to time but when it happens is constant.

20

21   **RESPONSE TO FORM INTERROGATORY NO. 6.4:**

22      (a)   **Damian Chiropractic**; 25381 Alicia Pkwy, Suite J, Laguna Hills, CA 92653; (949) 394-

23           9953

24      (b)   Chiropractic Treatment

25      (c)   09/27/2020; 10/01/2020; 10/06/2020; 10/08/2020; 10/14/2020; 10/19/2020; 10/22/2020;

26           10/28/2020; 10/30/2020; 11/23/2020; 12/02/2020; 12/09/2020; 12/17/2020

27      (d)   Charged: $2,330.00

28

-4-

1    (a)   **Expert MRI, PC**; 9500 E Artesia Blvd., Bellflower, CA 90706; (877) 674-8888

2    (b)   MRI of Lumbar Spine

3    (c)   10/20/2020

4    (d)   Charged: $1,695.00

6    (a)   **Pacific Pain Clinic**; 15775 Laguna Canyon Rd., Irvine, CA 92618; (714) 881-0468

7    (b)   Physical examination and LESI

8    (c)   10/06/2020; 10/27/2020; 10/30/2020; 11/09/2020; 11/16/2020; 11/20/2020; 11/24/2020;

9          12/02/2020

10   (d)   Charged: $30,332.00

12   (a)   **Jan M. Eckermann M.D.**; 1617 Westcliff Drive, Suite 203, Newport Beach, CA 92660;

13         (949) 514-7456

14   (b)   Spine Surgeon Consultation

15   (c)   12/30/2020

16   (d)   Charged: $2,000.00

18   (a)   **Mission Hospital;** 1617 Westcliff Drive, Suite 203, Newport Beach, CA 92660; (949)

19         514-7456

20   (b)   Emergency visit

21   (c)   12/30/2020

22   (d)   Charged: $251.76

**RESPONSE TO FORM INTERROGATORY NO. 6.5:**

      Yes. Dr. Sedaghat prescribed over the counter Advil and Tylenol.

///

///

///

-5-

1   **RESPONSE TO FORM INTERROGATORY NO. 6.6:**

2      No.

3

4   **RESPONSE TO FORM INTERROGATORY NO. 6.7:**

5      Yes. Dr. Jan Eckermann recommended that Plaintiff recommended a spinal cord stimulator to

6   treat her back and leg pain. The estimated cost is $75.000.00.

7

8   **RESPONSE TO FORM INTERROGATORY NO. 7.1:**

9      Plaintiff does not claim any property damage.

10

11   **RESPONSE TO FORM INTERROGATORY NO. 7.2:**

12      Plaintiff does not claim any property damage.

13

14   **RESPONSE TO FORM INTERROGATORY NO. 7.3:**

15      Plaintiff does not claim any property damage.

16

17   **RESPONSE TO FORM INTERROGATORY NO. 8.1:**

18      No.

19

20   **RESPONSE TO FORM INTERROGATORY NO. 9.1:**

21      No.

22

23   **RESPONSE TO FORM INTERROGATORY NO. 9.2:**

24      No.

25   ///

26   ///

27   ///

28   ///

-6-

**RESPONSE TO FORM INTERROGATORY NO. 10.1:**

Plaintiff had a car accident on February 8, 2008. She suffered pain in her lower back and went to Mission Viejo Hospital, she was attended on the emergency room but was discharged that same night and hasn't felt any pain from that day until she slip and fall in this incident.

**RESPONSE TO FORM INTERROGATORY NO. 10.2:**

None.

**RESPONSE TO FORM INTERROGATORY NO. 10.3:**

No. Plaintiff did not sustain injuries of any kind after the incident.

**RESPONSE TO FORM INTERROGATORY NO. 11.1:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 11.2:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 12.1:**

Linda Vitullo, (949) 525-2276. Plaintiff is unaware of the witnesses address.

**RESPONSE TO FORM INTERROGATORY NO. 12.2:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 12.3:**

No.

///
///
///

-7-

**RESPONSE TO FORM INTERROGATORY NO. 12.4:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 12.5:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 12.6:**

Yes. Plaintiff filed an incident report with the Costco manager on September 17, 2020, immediately after the accident.

**RESPONSE TO FORM INTERROGATORY NO. 12.7:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 13.1:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 13.2:**

No.

**RESPONSE TO FORM INTERROGATORY NO. 14.1:**

At present, plaintiff is unaware whether defendant violated any statute, ordinance, or regulation. Plaintiff contends defendant was negligent.

-8-

1  **RESPONSE TO FORM INTERROGATORY NO. 14.2:**

2      Plaintiff is unaware if the defendant was cited or charged with any such violation.

3

4

5                                        DAY, DAY AND BROWN

6  Dated: January 28, 2022

7                                        */s/ Trevor J. Herrera*

8                                        ALAN C. BROWN
                                         TREVOR J. HERRERA
9                                        Attorneys for Plaintiff, SAMANTHA BELLO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

1

**PROOF OF SERVICE**
**C.C.P. §1013**

2   STATE OF CALIFORNIA:

ss.

3   COUNTY OF ORANGE

4

5        I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 301 West First Street, Tustin, California, 92780.

6        On January 28, 2022, I served the foregoing document(s) upon the interested parties described

7   as **PLAINTIFF'S RESPONSES TO FORM INTERROGATORIES, SET ONE,** addressed as follows:

8   Deborah S. Tropp, Esq. SBN 162613

9   Lauren E. Raya, Esq. SBN 322697
McNEIL TROPP & BRAUN LLP

10   2 Park Plaza, Suite 620
Irvine, CA 92614

11   Phone: (949) 259-2890
Fax: (949) 259-2891

12   E : dtropp@mtbattorneys.com
E : Iraya@mtbattorneys.com

13   E : cenglish@mtbattorneys.com
E : jrivera@mtbattorneys.com

14

15   Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

16        [] (BY MAIL) I deposited such envelop in the mail at Tustin, California. The envelope was

17   mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same

18   day in the ordinary course of business. I am aware that on motion of party served, service is presumed

19   invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

20

21        [XX] (BY ELECTRONIC SERVICE) I caused such documents to be delivered through electronic transmission.

22

23        [XX] (State) I declare under penalty of perjury under the laws of the State of California that the

24   above is true and correct.

25        Executed on January 28, 2022, at Tustin, California.

26

27   *Lindsay Jameson*
     LINDSAY JAMESON

28

-1-

EXHIBIT "D"

Shirley N. Weber, Ph.D.
California Secretary of State

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Wednesday, February 23, 2022. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C1587907    COSTCO WHOLESALE CORPORATION

| | |
|---|---|
| **Registration Date:** | 06/05/1987 |
| **Jurisdiction:** | WASHINGTON |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| **Entity Address:** | 999 LAKE DRIVE |
| | ISSAQUAH WA 98027 |
| **Entity Mailing Address:** | P.O. BOX 35005 |
| | SEATTLE WA 98124 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of June.

| Document Type | ⬍ | File Date | ⬍F | PDF |
|---|---|---|---|---|
| PUBLICLY TRADED DISCLOSURE | | 01/03/2022 | | |
| PUBLICLY TRADED DISCLOSURE | | 04/01/2021 | | |
| SI-NO CHANGE | | 03/31/2021 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/24/2020 | | |
| SI-COMPLETE | | 06/27/2019 | | |
| PUBLICLY TRADED DISCLOSURE | | 12/28/2018 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/22/2018 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/13/2017 | | |

EXHIBIT D - 001

2/24/22, 2:23 PM                    Business Search - Business Entities - Business Programs | California Secretary of State

| Document Type | ⇅ File Date | ⇅ PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 01/11/2016 | |
| PUBLICLY TRADED DISCLOSURE | 01/12/2015 | |
| PUBLICLY TRADED DISCLOSURE | 01/16/2014 | |
| PUBLICLY TRADED DISCLOSURE | 01/17/2013 | |
| PUBLICLY TRADED DISCLOSURE | 01/24/2012 | |
| PUBLICLY TRADED DISCLOSURE | 01/21/2011 | |
| PUBLICLY TRADED DISCLOSURE | 01/22/2009 | |
| PUBLICLY TRADED DISCLOSURE | 01/09/2008 | |
| PUBLICLY TRADED DISCLOSURE | 01/16/2007 | |
| PUBLICLY TRADED DISCLOSURE | 01/26/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/29/2004 | |
| PUBLICLY TRADED DISCLOSURE | 09/11/2003 | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | 01/22/1988 | |
| REGISTRATION | 06/05/1987 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search**    **New Search**    **Back to Search Results**

EXHIBIT D - 002

EXHIBIT "E"

1  DEBORAH S. TROPP, ESQ. – BAR NO. 162613
   LAUREN E. RAYA, ESQ. – BAR NO. 322697
2  CARLY J. ENGLISH, ESQ. – BAR NO. 340721
   McNEIL TROPP & BRAUN LLP
3  2 Park Plaza, Suite 620
   Irvine, California 92614
4  (949) 259-2890; Fax: (949) 259-2891
   dtropp@mtbattorneys.com; lraya@mtbattorneys.com
5  cenglish@mtbattorneys.com

6  Attorneys for Defendant COSTCO WHOLESALE CORPORATION

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10          COUNTY OF ORANGE, CENTRAL JUSTICE COURTHOUSE

11

12  SAMANTHA BELLO PEREZ,            CASE NO. 30-2021-01228827-CU-PO-CJC

13                                   UNLIMITED CIVIL CASE
                Plaintiff,
14                                   ASSIGNED FOR ALL PURPOSES TO:
                                     JUDGE LON F. HURWITZ
15       vs.                         DEPARTMENT 20

16                                   **DEFENDANT'S NOTICE TO ADVERSE
    COSTCO WHOLESALE CORPORATION,    PARTIES OF REMOVAL OF CASE TO
17  DOE EMPLOYEE, and DOES 1 through 50   FEDERAL COURT UNDER 28 U.S.C § 1441 (a)
    inclusive,                       (DIVERSITY)**
18

19              Defendants.          COMPLAINT FILED: 11/1/21
                                     Trial Date: None Set
20

21  **TO PLAINTIFF, SAMANTHA BELLO PEREZ, AND TO HER COUNSEL OF RECORD:**

22       **NOTICE   IS   HEREBY   GIVEN** that Defendant, COSTCO WHOLESALE

23  CORPORATION, a Washington Corporation, has filed a Notice of Removal of the above-

24  captioned action, a copy of which is attached hereto (without exhibits), with the United States

25  District Court for the Central District of California, Southern Division.

26       **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446(d) the filing of

27  said Notice in the United States District Court, together with the filing of said Notice with this

28  ///

                                         i

1   Court, effects the removal of this action and the above-captioned Court may proceed no further

2   unless and until the case has been remanded.

3

4   Dated: February 25, 2022                                    McNEIL TROPP & BRAUN LLP

5

6                                                        By:_____

7                                                              Deborah S. Tropp, Esq.
                                                              Carly J. English, Esq.
8                                                              Attorneys for Defendant
                                                              COSTCO WHOLESALE CORPORATION
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT
UNDER 28 U.S.C § 1441 (a)  (DIVERSITY)**

EXHIBIT E - 002

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA )
) ss.
COUNTY OF ORANGE )

I am employed in the aforesaid County, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

On February 25, 2022, I served the foregoing document described as DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT UNDER 28 U.S.C § 1441 (a) (DIVERSITY) on the interested parties in this action by:

_____ **BY MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

_____ **BY FACSIMILE TRANSMISSION**: From FAX No. (949) 259-2891 the facsimile number(s) and addressee(s) stated on the attached SERVICE LIST. The facsimile machine I used complied with Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission and attached it to the document contained in our file, a copy of which is available upon request.

_____ **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand to the offices of the addressee.

__√__ **BY ELECTRONIC TRANSMISSION ONLY**: Service is completed by e-mail of the document(s) to the person at the e-mail address(es) listed on the attached service list, based on notice provided on March 18, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore only using electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after transmission.

_____ **BY FEDERAL EXPRESS**: I caused a courtesy copy of the aforementioned document to be delivered by overnight mail via Federal Express to the representatives on the attached Service List.

__√__ **STATE**: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ **FEDERAL**: I declare under penalty of perjury in accordance with 28 U.S.C. Section 1746 that the foregoing is true and correct.

Executed on February 25, 2022, at Irvine, California.

_____
Stacy Smith

3

DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT
UNDER 28 U.S.C § 1441 (a) (DIVERSITY)

EXHIBIT E - 003

1

**SERVICE LIST**

2

**PEREZ v. COSTCO**
**OUR FILE NO.: 4700-81**

3

4

| Alan C. Brown, Esq. | Attorneys for Plaintiff SAMANTHA BELLO |

5

| Day, Day, & Brown | PEREZ |
| 301 West First Street | (714) 832-4811 |

6

| Tustin, California 92780 | Fax: (714) 832-4815 |
| | abrown@daydayandbrown.com |

7

| Lance A. Williams, Esq. | Attorneys for Plaintiff SAMANTHA BELLO |

8

| Williams and Williams LLP | PEREZ |
| 16320 Bake Parkway | (949) 999-2010 |

9

| Irvine, CA 92618 | Fax: (949) 387-0409 |
| | lance@wwlawpc.com |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT**
**UNDER 28 U.S.C § 1441 (a)  (DIVERSITY)**

EXHIBIT E - 004